UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| RAYMOND FLOREZ, | ) | | |
|---|---|---|---|
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV613-064 |
| | ) | | CR610-007 |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

Raymond Florez, who was convicted and sentenced for his role in a large-scale cocaine and marijuana distribution conspiracy, moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) The government opposes. (Doc. 8.) For the following reasons, Florez' motion should be **DENIED**.[2]

I. BACKGROUND

As a result of a multi-agency investigation undertaken by the Drug Enforcement Administration, the Georgia Bureau of Investigation, the

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV613-064. "Cr. doc." refers to documents filed under movant's criminal case, CR610-007.

[2] Florez' motion to file excess pages (doc. 3) is **GRANTED**. His motion to expedite (doc. 4) was **DENIED** by operation of the order granting the government an extension of time to respond to the motion.

Toombs County Sheriff's Department, the East Georgia Drug Task Force, and the Department of Homeland Security, agents discovered that Raymond Florez and his son Gabriel were large-scale, sophisticated drug traffickers who dealt primarily in cocaine and marijuana. (Presentence Investigation Report ("PSI") at 3-4.) Florez maintained his innocence, went to trial, and was convicted by a jury. (Cr. doc. 105 (special verdict form).) The Court sentenced him to serve 240 months' imprisonment. (Cr. doc. 137.)

After the Eleventh Circuit affirmed his conviction and sentence, *United States v. Florez*, 516 F. App'x 790, 798 (11th Cir. 2013), Florez returned to this Court with the instant § 2255 motion, raising four claims for relief: (1) his retained attorney, Julie Wade, was ineffective for failing to object to prosecutorial misconduct and hearsay testimony; (2) the trial court denied him his right to counsel by excluding his chosen attorney, Joshua Lowther, due to a conflict of interest; (3) Wade was ineffective for failing to move for a mistrial based on judicial misconduct; and (4) she was also ineffective for failing to pursue the ground 3 issues on appeal. (*Id.*)

## II. ANALYSIS

Florez' second claim is procedurally defaulted, as he failed to raise it on appeal. His remaining claims, asserting ineffective assistance counsel, are meritless and must be denied.[3]

---

[3] Florez' ineffective assistance of counsel claims require the Court to apply *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which created a two-part test for resolving such matters. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, the defective performance must have prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. It is generally appropriate to look to counsel's performance throughout the case in making such a determination. *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986). The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, Florez must show that "'no competent counsel would have taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008), *quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

For the prejudice prong Florez must show that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

The Supreme Court has held that the same *Strickland* test applies to claims of ineffective assistance of counsel on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488

3

## A. Ground 1

Florez contends that Wade failed to object to multiple instances of prosecutorial misconduct, including the government's presentation of hearsay evidence, its violation of his rights under the confrontation clause, its presentation of false testimony, and its unsubstantiated accusations of guilt made in its closing argument. (Doc. 1 at 18-30.)

He raised these issues on direct appeal, but that court applied only the plain error standard since no timely objections were made before the trial court. Under that standard, the appellate court asks whether there "was (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). The *Florez* court found that error had occurred, since DEA Agent Robert Livingston had impermissibly offered hearsay testimony when discussing telephone and banking records implicating Florez in

---

(1986); *Smith v. Murray*, 477 U.S. 527, 535-36 (1986). In *Jones v. Barnes*, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991) (quoting and citing *Jones v. Barnes*, 463 U.S. at 751-52).

4

drug courier arrests in Texas and Ohio, and since those records were never admitted into evidence. *Florez*, 516 F. App'x at 793-94, 795. It also found that Florez' confrontation clause rights were likely infringed when Livingston testified as to what other law enforcement agents told him about their investigations into the Texas and Ohio incidents. *Id.* at 794, 795. And it noted that these errors were further compounded when the government relied upon unadmitted evidence in its closing. *Id.* Nevertheless, the appellate court held that any error did not affect Florez' substantial rights in light of the other, overwhelming evidence of guilt properly admitted at trial. Florez, in other words, failed to show that the errors were prejudicial. *Id.* at 794-95.

The government concedes here that it erred in these respects at trial, but it asserts that the errors were harmless when viewed in light of the entire record. (Doc. 8 at 29-37.) Additionally, it asserts that Florez "cannot show prejudice in his defense counsel's failure to object to prosecutorial misconduct that, itself, does not warrant reversal." *Land v. Allen*, 573 F.3d 1211, 1221 (11th Cir. 2009).

In applying the plain error standard, the appellate court necessarily

asked whether Florez was prejudiced by the underlying errors. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). The standard for prejudice under plain error review, while similar to the prejudice inquiry under *Strickland*, is more demanding. Rather than asking whether there was a "reasonable probability" that the error affected the outcome, plain error prejudice "almost always requires that the error *must have* affected the outcome of the district court proceedings" *United States v. Pantle*, 637 F.3d 1172, 1177 (11th Cir. 2011) (emphasis added) (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005)). Put another way, the former asks that the movant show the error likely altered the trial's outcome, while the latter demands that it *must* have done so.

Given the strength of the properly-admitted evidence of Florez' guilt, the appellate court found no plain-error prejudice. *Florez*, 516 F. App'x at 794-95. Despite the government's trial errors and closing argument misstatements, the evidence against Florez was overwhelming. Multiple witnesses testified that Florez had conspired with them to conduct drug transactions during the period charged in the indictment, and Florez himself was caught on tape discussing his past drug activities

and indicating his willingness to resume them. *Id.* at 797. The same reasoning cuts against Florez here. When viewed under the *Strickland* lens, there is no "reasonable probability" that the outcome of the trial would have changed had counsel properly objected to each error at trial.

Movant's best argument as to *Strickland* prejudice is that if Wade had timely objected at trial, the court of appeals would have shifted the burden from him to the government to show that the errors did not affect his substantial rights. *United States v. Williams*, 731 F.3d 1222, 1236 (11th Cir. 2013). But that argument collapses under the weight of established circuit authority, since *Strickland* prejudice resulting from a trial error must be gauged against the outcome of the trial, not the application of a more favorable standard of review on appeal. *Purvis v. Crosby*, 451 F.3d 734, 739 (11th Cir. 2006) (citing *Strickland*, 466 U.S. at 694-95, and distinguishing *Davis v. Crosby*, 341 F.3d 1310 (11th Cir. 2003) (because of unique procedural rules in Florida, an attorney at trial occasionally acts as appellate counsel simultaneously)). Moreover, the court of appeals found that the errors did not affect Florez' substantial rights, *Florez*, 516 F. App'x at 794, so shifting the burden would not have

made an iota of difference.[4]

As the Eleventh Circuit held, Florez failed to show plain-error prejudice from the underlying errors. In other words, counsel's failure to raise the objections at trial had no "substantial influence" on the trial's outcome. Similarly, he fails to show *Strickland* prejudice here, since the result was not likely to have changed when weighed against the properly admitted evidence against him. Nor can he show any *Strickland* prejudice based upon his argument that the burden would have shifted on appeal, since that claim is squarely foreclosed by Eleventh Circuit authority. *Purvis*, 451 F.3d at 739. Finally, even if he could raise that

---

[4] Had the harmless error standard been applied, the court of appeals would also have been obliged to discuss certain curative steps taken during the trial. For instance, the judge explicitly cautioned the jury to consider only evidence that had been *admitted* during the trial, not statements and arguments made by the attorneys:

> As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of the witnesses and the exhibits that I have admitted. But anything the lawyers say is not evidence and isn't binding upon you.

(Doc. 171 at 143.) Such an instruction would have weighed heavily in the calculus. *See United States v. Jacoby*, 944 F.2d 1527, 1541 (11th Cir. 1992) (allowing the district court to rectify improper statements by instructing the jury that only the evidence in the case is to be considered). Similarly, Wade herself reminded the jury that there was no actual evidence admitted as to the Ohio investigation. (Doc. 171 at 220.) Moreover, the faulty statements were, as the government avers, "miniscule and isolated," occurring only in two paragraphs of its 60 pages of closing arguments. (Doc. 8 at 34.)

claim, he cannot show prejudice since his substantial rights were not affected. *Williams*, 731 F.3d at 1236 (even under harmless error review, an appellate court ignores errors or defects which do not affect the substantial rights of the parties). Accordingly, ground 1 should be denied.

### B. Ground 2

Florez asserts in ground 2 that the district judge assigned to the case violated his Fifth Amendment right to due process and his Sixth Amendment right to counsel of his own choosing by excluding his counsel of choice, Joshua Lowther, from representing him at trial. (Doc. 1 at 9; *id.* at 36-39.) Florez had retained Lowther shortly after his preliminary hearing. (Cr. doc. 49.) Four months later, Lowther entered a notice of conflict of interest, noting that another person whom he was representing (Brian Steptoe) had been identified by the government as a potential witness against Florez at his trial. (Cr. doc. 70.) The district judge ordered the government to respond to the matter. The parties entered a joint motion to continue the trial, indicating that Lowther had obtained a waiver of conflict from Florez and was attempting to obtain a

waiver from Steptoe. (Cr. doc. 73.)

In response, the judge held an in-chambers conference with the Assistant United States Attorney, then granted the motion to continue and disqualified Lowther from continuing as Florez' attorney. (Cr. doc. 75.) He reasoned that "placing Attorney Lowther in the position of having to cross-examine and likely call into question the credibility of one of his clients for the benefit of another is untenable." (*Id.* at 2.) Steptoe, however, never testified at Florez' trial or sentencing. (Cr. docs. 169, 170, 171, & 172.) Florez now says that the Court improperly denied him the use of counsel of choice and denied him his right to due process by excluding him from the in chambers conference. (Doc. 1 at 31-39.) The claim, however, is procedurally defaulted since he neglected to raise it on appeal.

A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998). "Under the cause and

prejudice exception, a § 2255 movant can avoid application of the procedural default bar by showing cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *McKay*, 657 F.3d at 1196 (quotations and alterations omitted). Ineffective assistance of counsel may provide "cause" to excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Florez contends that Wade was ineffective for failing to preserve the issue on appeal. He relies upon *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), which held that a defendant erroneously denied his right to retain counsel of choice wins a *per se* reversal on direct appeal. *Id.* at 149-50. This case, however, is only superficially similar to *Gonzalez-Lopez*. In that case, the district court denied the defendant's chosen attorney *pro hac vice* admission without comment, the government conceded that the denial was erroneous, and the defendant preserved the issue on appeal. *Id.* at 142-43, 144. It did not involve a conflict of interest or a procedurally defaulted claim raised for the first time in habeas. Here, the claim must survive *Strickland* scrutiny, and it does not.

Lowther was excluded based on a conflict of interest arising from his past and current representation of a person who had provided incriminating information about Florez and had indicated a willingness to testify against him at trial. Even if that conflict was waivable under Rule 1.7 of the Georgia Rules of Professional Conduct, the Court had discretion to reject a waiver. *See Wheat v. United States*, 486 U.S. 153, 163 (1988) ("[W]e think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."). Furthermore, Florez has neither alleged that Steptoe would have acceded to such a waiver nor offered any evidence or affidavit suggesting as much.[5] *See LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) (in determining whether a § 2255 movant is entitled to an evidentiary hearing, the court

---

[5] Florez suggests that the government manufactured the conflict in order to force Lowther out of the case. (Doc. 1 at 34.) But Lowther, an experienced federal litigator, raised no such claim. Instead, Lowther immediately notified the Court that there was, in fact, a conflict. (Cr. doc. 70.) The government's failure to call Steptoe as a witness hardly suggests the existence of some underhanded strategy on the government's part. Trial strategies are always in a state of flux, and the need for a particular witness may evaporate as the evidence unfolds at trial.

looks "primarily to the affidavit or other evidence proffered in support of the application in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief."). And he has also failed to offer any reason to believe that his presence at the conflict inquiry would have contributed to the fairness of the inquiry, as is required to show any due process violation. *United States v. Taylor*, 489 F. App'x 34, 44 (6th Cir. 2012) (citing *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)). Accordingly, he has failed to show that Wade performed deficiently by not preserving the issue on appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (while ineffectiveness may excuse a procedural default, an attorney is not ineffective for failing to raise meritless claims).

Since Florez has failed to show cause and prejudice excusing his procedural default of this claim, it should be denied.

### C. Ground 3

Florez asserts in ground 3 that his attorney performed deficiently by failing to move for a mistrial based on "cumulative judicial misconduct" and for failing to raise the issue of judicial misconduct on appeal. (Doc. 1

at 40-61.) He contends that the trial judge repeatedly prompted the government as to what it needed to do to make out its case and occasionally made the government's case for it, outright. (Doc. 1 at 42.) He also cut off cross-examination, commented on evidence, sustained objections the government did not make, and allowed hearsay testimony. (*Id.* at 42-61.)

In rejecting Florez' motion for recusal (doc. 2), the Court has already commented on these matters, and it re-adopts that reasoning in rejecting these claims:

> Federal judges are not "mere moderator[s]" of trials; rather, they govern "the trial for the purpose of assuring its proper conduct and of determining questions of law." *Wilson v. Bicycle South, Inc.*, 915 F.2d 1503, 1508 (11th Cir. 1990) (quoting *Quercia v. United States*, 289 U.S. 466, 469 (1932). Even "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display" do not serve as evidence of bias. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). In fact, "[i]t is within [a court's] province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence . . . provided he makes it clear to the jury that all matters of fact are submitted to their determination." *Id.*

> Looking "to the record as a whole," the Court cannot say that judicial interference denied Florez a fair trial. *United States v. Gomez-Rojas*, 507 F.2d 1213, 1223 (5th Cir. 1975). The Court interjected itself into both prosecutorial and defense questioning of

14

witnesses in order to focus testimony and control lines of questioning. The Court occasionally commented on evidence, but reminded the jury -- twice -- that they judged the facts, not the Court. And the Court sustained more prosecution objections than defense simply because the sustained objections had more merit, not because the prosecution made them. What the Court did not do was display "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Lileky*, 510 U.S. at 555 (presenting as an example of reversible antagonism a judge's statement in a World War I espionage case that "[o]ne must have a very judicial mind . . . not to be prejudiced against the German Americans because their hearts are reeking with disloyalty.").

(Doc. 13 at 2-3.) Florez' complaints of judicial misconduct could not support a motion for a mistrial, and would not have warranted reversal on appeal. Consequently, his attorney did not render deficient performance by failing to pursue the matters at trial or on appeal.

### D. Ground 4

Finally, Florez contends that counsel was ineffective on appeal for failing to raise meritorious claims. (Doc. 1 at 12.) He states that she performed deficiently by not arguing that (1) the trial court erred in excluding counsel of choice and (2) the trial judge engaged in judicial misconduct. (*Id.* at 59-60.) These matters have already been discussed and found to be meritless, so this ground should be denied.

### III. CONCLUSION

For the foregoing reasons, Florez' § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 27th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA